

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

MICHAEL TILIAKOS
PERSONAL FAX: +1 212 202 6231
E-MAIL: mtiliakos@duanemorris.com

KATELYNN M. GRAY
DIRECT DIAL: +1 212 471 4757
E-MAIL: KGray@duanemorris.com

www.duanemorris.com

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

**DECEMBER 19, 2016**

VIA ECF

The Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court - Eastern
District of New York
United States Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Grapsas v. North Shore Farms Two, Ltd., Case No. 16-cv-0775 (DRH) (ARL)</u>

Dear Magistrate Judge Lindsay:

      We represent the Defendant in the above-referenced single Plaintiff wage and hour matter.  We are writing to seek a ruling from the Court regarding Plaintiff's refusal to provide certain relevant discovery. The parties have met and conferred on the instant issue and Plaintiff's counsel informed us by e-mail last night that Plaintiff maintains his position that the records are not relevant.

      Plaintiff claims that Defendant failed to compensate him for off-the-clock work he allegedly performed during his employment.  Plaintiff testified at his deposition that he attended doctor's appointments during work time and was paid for such time. Defendant thereafter sought Plaintiff's authorization to obtain from his medical providers the dates, times and lengths of each appointment Plaintiff went to during his employment from March 31, 2014 until January 26, 2016 (Defendant is not seeking the underlying medical records). This information is relevant as it bears not only on Plaintiff's credibility but directly impacts Plaintiff's alleged damage calculations (e.g., any time Plaintiff was paid for hours not actually worked will impact any damages analysis).  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case). *See also Perry v. Margolin & Weinreb Law Group LLP*, 2015 US Dist LEXIS 88071, at *5 (EDNY July 7, 2015, No. 14-3511 (JS) (AKT)) (granting Defendants' motion to compel production of Plaintiff's cell phone records and finding that "Plaintiff's cell phone records are arguably relevant to the issue of how many hours Plaintiff alleges she worked for

DUANE MORRIS LLP

1540 BROADWAY    NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000   FAX: +1 212 692 1020

DuaneMorris

The Honorable Arlene R. Lindsay
Page 2

Defendants each week. It is undisputed, as Plaintiff stated during her deposition, that she occasionally made personal phone calls while at work.").

      Accordingly, Defendant requests that the Court direct Plaintiff to execute authorizations for the release of the dates, times and lengths of his visits to medical providers for the period of March 31, 2014 until January 26, 2016.

      Thank you for your consideration.

      Respectfully Submitted,

      */s/ Katelynn M. Gray*

      Michael Tiliakos
      Katelynn M. Gray