UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN GRAPSAS,

                            Plaintiff,

              -against-                                     **ORDER**
                                                                  16-CV-775 (DRH) (ARL)

NORTH SHORE FARMS TWO, LTD.,

                            Defendant.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law and its supporting regulations, seeking to recover for unpaid overtime compensation. Before the Court is defendant's letter motion seeking an Order compelling plaintiff to execute authorizations for the release of the dates, times and lengths of his visits to medical providers for the period of March 31, 2014 until January 26, 2016. Defendant maintains that this information is relevant because plaintiff testified at his deposition that he attended doctor's appointments during work time and was paid for such time. Defendant argues that this information not only bears on plaintiff's credibility, but it directly impacts plaintiff's damage calculations to the extent plaintiff was paid for hours while he was at the doctor and not actually working.

      Plaintiff opposes the application, arguing, *inter alia*, that defendant has not made the necessary showing to overcome the strong confidentiality that protects plaintiff's medical records and information. Plaintiff also argues that the information is not relevant because plaintiff testified that he made up the time spent at doctors on his day off and the time off does not relate to the period before 6:00 a.m., which is the only time plaintiff alleges he worked overtime hours for which he was not paid.

      To the extent defendant seeks authorizations for plaintiff's medical records, that request is denied. However, insofar as plaintiff has not already done so, plaintiff is to provide defendant, on or before January 16, 2017, with a sworn statement setting forth the dates, times and lengths of his office visits. Upon receipt, defendant may subpoena the providers' offices for any records that verify plaintiff's appointments, including but not limited to sign-in sheets. To the extent any of the medical providers require plaintiff to sign a release before relinquishing this information, plaintiff is to provide a limited release for that purpose. Lastly, since plaintiff has expressed confidentiality concerns, the parties are directed to execute a confidentiality agreement pursuant to which these documents may be exchanged.

      To afford the parties with an opportunity to comply with this Order, the scheduling order is modified as follows: all discovery, inclusive of expert discovery, to be concluded by February 17, 2017. Any party planning on making a dispositive motion must take the first step in the motion

process by March 3, 2017. The January 24, 2017 final conference is adjourned to March 16, 2017 at 11:30 a.m. The parties are to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, prior to the conference.

Dated: Central Islip, New York
      January 10, 2017

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge